# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-cr-189-RDA |
| v. | **FORFEITURE NOTICE** |
| QINBEN CHEN, | Count 1: 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud) |
| *Defendant.* | Counts 2-4: 18 U.S.C. § 1343 (Wire Fraud) |
| | Count 5: 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering) |
| | Counts 6-8: 18 U.S.C. § 1956(a)(1)(B)(i) (Money Laundering – Concealment) |

## INDICTMENT
September 2021 Term – at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

### Count 1
(Conspiracy to Commit Wire Fraud)

*The Conspiracy*

1. From on or about January 1, 2017 to on or about July 8, 2021, in the Eastern District of Virginia and elsewhere, the defendant, QINBEN CHEN, knowingly and intentionally conspired and agreed with He Li, Jin Hong, Mouluan Wu and others, known and unknown to the Grand Jury, to commit wire fraud by knowingly devising and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representation, and promises; and transmitting and causing to be transmitted by means of wire, radio, and television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, contrary to Title 18, United States Code, Section 1343, and in violation of Title 18, United States Code, Section 1349.

1

### *The Object of the Conspiracy*

2. It was the object of the conspiracy for CHEN and his coconspirators to obtain gift cards by fraud and then unlawfully enrich themselves by redeeming the value of the gift cards, which CHEN knew constituted the proceeds of fraud.

### *The Manner and Means of the Conspiracy*

3. To achieve the object of the conspiracy, CHEN and unidentified coconspirators contacted victims by telephone or online and assumed fictitious identities. Using those identities, unidentified coconspirators made materially false and fraudulent representations and promises to induce their victims to purchase gift cards, including gift cards to be redeemed at Walmart stores.

4. The unidentified coconspirators then directed the victims to send to members of the conspiracy through wire communications the gift cards' redemption codes, which are codes used to redeem the value of the gift card without having the physical card.

5. Knowing the redemption codes were obtained by fraud, CHEN provided them to coconspirators He Li, Jin Hong, Mouluan Wu and others who then used the redemption codes to purchase goods and additional gift cards from Walmart stores located in the Eastern District of Virginia and elsewhere.

6. During the course of the conspiracy, each fraudulent redemption of a gift card from a Walmart store located in the Eastern District of Virginia resulted in an interstate wire communication between a Walmart store in the Eastern District of Virginia and a computer server located outside of Virginia. Each of these wire communications were in furtherance of the charged conspiracy.

7. To achieve the object of the conspiracy, CHEN and his coconspirators engaged in conduct including, but not limited to, defrauding Victim-1 and Victim-2.

### CHEN and Jin Hong Launder the Proceeds from Victim-1

8. On or about November 6, 2019, Victim-1, a resident of Midlothian, Virginia, a city within the Eastern District of Virginia, received a call from an unknown coconspirator who assumed the fictitious identity of "John." The coconspirator claimed that Victim-1 was eligible for a $400.00 refund for recently purchased virus software. The coconspirator claimed that he attempted to deposit the refund into Victim-1's bank account but had mistakenly deposited $3,500.00. To correct this mistake, the unidentified coconspirator instructed Victim-1 to purchase $3,000.00 in Walmart and Best Buy gift cards and to provide the redemption codes to the coconspirator.

9. On or about November 6, 2019, at approximately 2:02 p.m., Victim-1 purchased two Walmart gift cards of $500.00 each from a Sam's Club store. At approximately 2:35 p.m., CHEN sent Hong the redemption codes for Victim-1's gift cards. Hong used those gift cards to purchase additional gift cards. Hong later transferred the gift cards to CHEN.

### CHEN and Jin Hong Launder the Proceeds from Victim-2

10. On or about February 28, 2020, Victim-2, a resident of New York, received a call from a coconspirator who assumed the fictitious identity of an FBI agent. The coconspirator claimed that the FBI was investigating Victim-2 for "social security fraud." To resolve the situation, the caller instructed Victim-2 to purchase four Walmart gift cards of $500 each and to provide the redemption codes to the coconspirator.

11. On or about February 28, 2020, Victim-2 purchased the gift cards from a location in New York from approximately 3:14 p.m. to 3:20 p.m. Also, on or about February 28, 2020, at approximately 5:47 p.m., CHEN sent Hong the redemption codes purchased by Victim-2, and a message stating "500 each."

12. On February 28, 2020, at approximately 5:53 p.m., all four gift cards purchased by

Victim-2 were redeemed by Hong at a Walmart store located in Sterling, Virginia, within the Eastern District of Virginia. Hong used those gift cards to purchase additional gift cards. Hong later transferred the gift cards to CHEN.

(In violation of Title 18, United States Code, Section 1349.)

## Counts 2-4
### (Wire Fraud)

13. The allegations contained in paragraphs 1 through 12 above are realleged and incorporated by reference as if set forth here in their entirety.

14. On or about the dates listed below in the Eastern District of Virginia and elsewhere, the defendant, QINBEN CHEN, for the purpose of executing the above-described scheme transmitted and caused to be transmitted by means of wire, radio and television communication in interstate commerce or foreign commerce the writings, signs, signals, pictures, and sounds, as described below:

| Count | Approximate Date | Summary Description |
|---|---|---|
| 2 | November 6, 2019 | Jin Hong used redemption codes provided by CHEN to redeem gift cards at a Walmart store located in the Eastern District of Virginia, causing a wire communication between the Walmart store and a data server located outside of Virginia. |
| 3 | February 28, 2020 | Jin Hong used redemption codes provided by CHEN to redeem gift cards at a Walmart store located in the Eastern District of Virginia, causing a wire communication between the Walmart store and a data server located outside of Virginia. |
| 4 | July 8, 2021 | Mouluan Wu used redemption codes provided by CHEN to redeem gift cards at a Walmart store located in the Eastern District of Virginia, causing a wire communication between the Walmart store and a data server located outside of Virginia. |

(In violation of Title 18, United States Code, Sections 1343 and 2.)

## Count 5
(Conspiracy to Commit Money Laundering)

15. The allegations contained in paragraphs 1 through 14 above are realleged and incorporated by reference as if set forth here in their entirety.

16. From on or about January 1, 2017 to on or about July 8, 2021, in the Eastern District of Virginia and elsewhere, the defendant, QINBEN CHEN, knowingly and intentionally conspired and agreed with He Li, Jin Hong, Mouluan Wu and others, known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate commerce or foreign commerce involving the movement of funds by wire or other means, or involving one or more monetary instruments, which transactions in fact involved the proceeds of specified unlawful activity, that is, wire fraud in violation of Title 18, United States Code, Section 1343, as alleged in Counts 1 through 4 of this Indictment, knowing that the transactions were designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of said specific unlawful activity and that while conducting and attempting to conduct such financial transactions the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(In violation of Title 18, United States Code, Section 1956(h).)

## Counts 6-8
(Money Laundering – Concealment)

17. The allegations contained in paragraphs 1 through 16 above are realleged and incorporated by reference as if set forth here in their entirety.

18. On or about the dates set forth below, in the Eastern District of Virginia, and elsewhere, the defendant, QINBEN CHEN, did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is the wire fraud scheme described and alleged above, knowing that: (a) the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity; and (b) the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

| Count | Approximate Date | Summary Description |
|---|---|---|
| 6 | November 6, 2019 | $4,969 in purchases of gift cards at a Walmart store located within the Eastern District of Virginia using redemption codes provided by CHEN to Jin Hong. |
| 7 | February 28, 2020 | $2,000 in purchases of gift cards at a Walmart store located within the Eastern District of Virginia using redemption codes provided by CHEN to Jin Hong. |
| 8 | July 8, 2021 | $2,000 in purchases of gift cards at a Walmart store located within the Eastern District of Virginia using redemption codes provided by CHEN to Mouluan Wu. |

(In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

## Forfeiture Notice

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT THE PROPERTY DESCRIBED BELOW IS SUBJECT TO FORFEITURE:

19. Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendant, QINBEN CHEN, is hereby notified that, if convicted of an offense alleged in Counts 1 through 8 of this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), his interest in any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as the result of the Counts of conviction.

20. If any property that is subject to forfeiture above, as a result of any act or omission of Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of Defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

21. The property subject to forfeiture includes, but is not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses.

(In accordance with Title 18, United States Code, Sections 981(a)(1)(C); Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

A TRUE BILL

Pursuant to the E-Government Act, The original of this page has been filed under seal in the Clerk's Office

FOREPERSON

Raj Parekh
Acting United States Attorney

By: _____
Christopher J. Hood
Assistant United States Attorney